WILLIS C. HUBBARD, Respondent, v. WILLIAM C. RODGER and EUGENE C. JOHNSON, Appellants, Impleaded with JOHN J. McLANE and JOSEPH ROCKWELL.

*Canal contractor's bond for laborers' wages — short Statute of Limitations — right of an assignee to enforce it.*

In the short Statute of Limitations in favor of sureties upon a canal contractor's bond for the payment of laborers' wages, created by the provision of section 3 of chapter 278 of the Laws of 1850, that ''no recourse shall be had to the sureties upon such bond, unless proceedings shall be commenced within thirty days after the completion of the labor, the payment of which is secured by such bond,'' the words '' completion of the labor'' do not refer to the completion of the contract, but the meaning is that a laborer must institute his action against the sureties on the bond within thirty days from the completion of his individual labor for which he seeks compensation.

*Quære*, whether said chapter 278 of the Laws of 1850 creates any liability on the part of the sureties upon a canal contractor's bond executed in compliance therewith, in favor of an assignee of laborers' claims for wages.

APPEAL by the defendants, William C. Rodger and Eugene C. Johnson, from a judgment by the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Erie county on the 8th day of July, 1892, upon the report of a referee.

The action was brought by the plaintiff as the assignee of the claims of a number of laborers, employed by the defendants McLean and Rockwell in the work of lengthening a lock on the Erie canal under a contract with the State, to recover the amount alleged to be owing such laborers by the contractors, upon a bond executed by the contractors as principals and by the defendants appellants as sureties.

*Louis Marshall,* for the appellants.

*C. F. Whitcher,* for the respondent.

DWIGHT, P. J.:

The appellants are the sureties in a bond given by the contractors for certain work on the Erie canal, pursuant to the requirements of chapter 278 of the Laws of 1850 (Birdseye, p. 390, § 48). The plaintiff is the assignee of the claims of a number of laborers employed by the contractors on the work. All the labor performed by the several assignors, and for which the contractors were indebted to them, was completed more than three months before the commencement of this action, while, as the referee finds, the entire work under the contract was not completed until less than thirty days before that date.

This statement of facts presents two questions of law which are considered by the referee in his opinion and upon both of which his conclusions are in accordance with the plaintiff's contention. The questions are : *First.* Whether section 1 of the statute above cited, which prescribes the conditions of the bond, creates any liability, on the part of the sureties in such bond, in favor of an assignee of the claim of laborers; and, *second,* whether this action, as against the sureties, was barred by the limitation of time prescribed by section 3 of the same statute.

The full text of the statute is as follows :

"§ 1. It shall be the duty of any canal commissioner or other officer having charge of the letting of any contract for work on any

of the canals or other public works of this State, to require and take, in addition to the bond now required by law for the security of the State, a bond with good and sufficient sureties, not less than two, conditioned that such contractor shall well and truly pay in full, at least once in each month, all laborers employed by him on the work specified in such contract, which bond shall be duly acknowledged before an officer authorized to take acknowledgments of deeds, and filed by the officer taking the same in the office of the clerk of the county wherein such contract or work is to be performed. And when such work shall be partly in two or more counties, there shall be such a bond filed in the clerk's office of each county.

" § 2. Suits may be commenced on said bond before a justice of the peace, when the amount claimed shall not exceed the jurisdiction of a justice of the peace, and a transcript of such bond, duly authenticated by the county clerk, may be used in evidence in such suit.

" § 3. The bringing of a suit by one or more laborers upon such bond shall not operate as a bar to the bringing of other suits thereon by any of the parties for whose benefit such bond was taken and to whom such contractor shall be indebted for labor. But no recourse can be had to the sureties upon such bond, unless proceedings shall be commenced within thirty days after the completion of the labor, the payment of which is secured by such bond. But nothing in this act contained shall prevent or bar a suit against such contractor within the time limited by law."

Upon the plain reading of this statute we think the conclusion of the referee on the second of the questions above stated was erroneous. In order to avoid the application to this case of the short Statute of Limitations, in favor of sureties, contained in the 3d section, he construes the words " thirty days after the completion of the labor, the payment of which is secured by such bond," to intend thirty days after the completion of the entire labor expended upon the work under the contract — in other words, the labor of all the laborers employed on the work. It is true that the payment of all this labor is intended to be secured by the bond, but it is equally true that the bond is, by its express terms, as well as its general tenor, intended as security to each man individually, and that as to each man who may have occasion to resort to it, " the labor, the pay-

ment of which is secured by such bond," is his own labor, and that alone. The single and commendable purpose of the statute is to secure to every laborer on the public works prompt and regular payment of his wages, " at least once in each month." This purpose would be entirely defeated if each man's remedy against the sureties in the bond were postponed until every man's labor on the entire work was completed, which might not be in many months, or even years. The whole tenor of the statute is opposed to such a construction. It is careful to afford every facility for the prompt and easy enforcement of the remedy provided. It provides for proof at hand in every case, and a ready and inexpensive tribunal, and that each man shall have his action, unaffected by whatever action has been taken by others. All its provisions indicate the purpose to give an individual security and an individual remedy. It requires security for the payment of every man's wages at least once in each month. How is this security afforded by a bond which can be enforced only after the completion of the entire work, be the time longer or shorter?

Nor do we find anything in the particular terms employed in the statute which necessitates a construction opposed to the general tenor of its provisions. The criticism which is made upon the use of the word "completion," instead of "performance" of the labor, etc., seems to us more nice than forcible. Indeed, there is one view in which the use of the word completion is necessary to the construction which we adopt. Each man's labor is "performed" daily, and payment for each day's labor is secured by the bond; but it was evidently not intended that the bond should be enforcible for each day's wages. Whereas each man's labor, for the payment of which security is given, is "completed" either at the expiration of each month, or sooner, when his connection with the work ceases.

And so, we suppose, it to be the purpose and effect of this statute, and of the bond given in compliance therewith, that if a man's wages are not paid at the end of every month during which he labors, or at the expiration of his whole time, he has, then, his remedy against the sureties by his action on the bond; otherwise, the bond does not afford security for the payment of his wages "at least once in each month," as by its terms it purports to do.

If such is the true construction of the statute, and of the bond

given in conformity therewith, then the thirty days' limitation of time within which proceedings were required to be commenced for the enforcement of this bond, as against the sureties therein, had fully run against each of the plaintiff's assignors before the commencement of this action, and the action was barred thereby.

This conclusion, which seems to us unavoidable upon the conceded facts of the case, so completely defeats the plaintiff's action that we deem it unnecessary to consider the other question proposed, the answer to which is, perhaps, not so clear.

The judgment appealed from should be reversed and the complaint dismissed.

Lewis, Haight and Bradley, JJ., concurred.

Judgment appealed from reversed and the complaint dismissed.