James Bronnie, Appellant, v. New England Equitable Insurance Company, Respondent, Impleaded with The Kendar Engineering and Construction Company, Inc., Defendant.

Third Department, May 2, 1917.

**Canal Law, section 145, construed — action by laborer on bond of contractor — time of commencement of action.**

The provision of section 145 of the Canal Law, requiring a contractor's bond that the contractor shall pay " at least once each month," is for the benefit of the laborer, and the provision that " no action shall be maintained against the sureties unless brought within thirty days after the completion of the labor " is for the benefit of the surety, and such provisions must be construed and harmonized with reference to the manifest purpose of each.

Although a laborer may maintain an action once in each month for his compensation, he is not required to do so. All that a surety can require is that the action shall be instituted within thirty days after the completion of the labor.

APPEAL by the plaintiff, James Bronnie, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Saratoga on the 2d day of February, 1917, upon the verdict of a jury rendered by direction of the court.

*Moore & McGinity [Edward C. McGinity* of counsel], for the appellant.

*James J. Cuff,* for the respondent.

Cochrane, J.:

The respondent is a surety on a bond given by a contractor for certain work on the State canal. The bond was given pursuant to section 145 of the Canal Law (Consol. Laws, chap. 5; Laws of 1909, chap. 13), which, so far as material, is as follows: " The Superintendent of Public Works or assistant superintendent having charge, shall also require and take from the contractor, a bond with at least two good and sufficient sureties, conditioned that such contractor will well and truly pay in full, at least once in each month, all

laborers employed by him on the work specified in such contract. * * * Actions may be brought for a breach of such bond by any laborer not paid in accordance with its terms. * * * No action shall be maintained against the sureties unless brought within thirty days after the completion of the labor, the payment of which is secured by the bond."

The principal in the bond assigned his contract to the Kendar Engineering and Construction Company, Inc. The plaintiff performed labor for the latter company in the performance of said contract. The company defaulted in the payment of its obligation to the plaintiff for such labor. The plaintiff brings this action on the said bond. The labor was performed between the 1st day of February, 1916, and the 8th day of March, 1916, amounting to $143.75 and was completed on the latter day. This action was commenced April 3, 1916. The learned trial justice held that the plaintiff could only recover for the labor performed during the month of March.

We are unable to adopt the views of the trial court. The scheme and purpose of the statute are obvious. The provision that the contractor shall pay " at least once in each month " is for the benefit of the laborer. The provision that "no action shall be maintained against the sureties unless brought within thirty days after the completion of the labor " is for the benefit of the surety. It is a short Statute of Limitations in his favor. The two provisions must be construed and harmonized with reference to the manifest purpose of each. The laborer may maintain an action once in each month for his compensation but he is not required to do so. The statute does not intend that he must disrupt his relations with his employer under penalty of losing his security for his labor unless he does so. He may if he sees fit allow compensation for his labor to accumulate from month to month and then bring an action for the full amount unpaid. All that the surety can require is that the action shall be instituted within thirty days after the completion of the labor. Thirty days after the final completion of the labor the surety is immune from action. Thus the rights of both parties are safeguarded and the statute is given a reasonable and just construction. The construction given by the trial justice is

unduly oppressive to the laborer and might work out to the manifest disadvantage of both parties.

In the case of *Hubbard* v. *Rodger* (75 Hun, 220) it was decided that the statute contemplated that the action must be commenced within thirty days after the completion of the labor for which compensation was sought and not thirty days after the completion of the entire contract. That case is not an authority for this respondent.

The judgment should be reversed, with costs, and judgment directed in favor of the plaintiff for $143.75 and interest from March 8, 1916, and costs.

All concurred.

Judgment reversed with costs, and judgment directed in favor of the plaintiff for $143.75 and interest from March 8, 1916, and costs.